MISSISSIPPI RIVER, HAMBURG & WESTERN RAILWAY COMPANY

v. FORD.

Opinion delivered January 24, 1903.

WITNESS—HUSBAND.—The fact that a husband had authority to agree with a railway company as to the terms upon which a right of way might be secured through his wife's land did not qualify him, after a failure to agree upon such terms, to testify as her agent as to the damages which she sustained by reason of the construction of the railway through her land.

Appeal from Ashley Circuit Court.

ZACHARIAH T. WOOD, Judge.

Reversed.

*Dodge & Johnson,* for appellant.

The court erred in refusing to exclude the testimony of the husband of appellee. Sand. & H. Dig. § 2916; 31 Ark. 684; 33 Ark. 207; *Id.* 259; 33 Ark. 816; 34 Ark. 663. The declarations of an alleged agent are not competent in proof of his agency. 44 Ark. 213; 2 Whart. Ev. § 1284; 43 Ark. 289. There is no room for estoppel. 2 Herm. Estop. §§ 787, 948.

*Robert E. Craig,* for appellee.

Husband and wife are competent witnesses for each other when acting as agents of each other. Sand. & H. Dig. § 2916.

PER CURIAM. In a suit brought by the appellant against Mrs. Eola B. Ford to condemn a right of way through her lands, Peter H. Ford, her husband, was a witness in her behalf, and testified, over the objection of appellant, as to various elements of damage sustained by Mrs. Ford by reason of the railroad running through her land. Ford testified that he was the general agent of his wife "to attend to this property, sell it, rent it, and deal with the plaintiff as to its right of way through this land." He also testified

that the attorney for the railroad approached him for the right of way through the property. The court appears to have permitted the witness to testify, because he was shown to be his wife's agent.

The testimony was incompetent. Even if it be conceded that Ford was the agent of his wife to negotiate with the railroad for right of way over her land, that would not make him a competent witness for her as to the damage caused by the railroad to her land. The statute is plain: "Either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent." Sand. & H. Dig. § 2915, subd. 4. Ford did not transact any business with the railroad for his wife in regard to right of way. His failure to transact such business brought about this suit. The testimony to be competent must be "in regard to business transacted by the one for the other in the capacity of agent."

Because Ford might have had the authority to agree with the railroad as to the terms upon which the right of way might be secured by no means qualified him (after a failure to agree upon terms) to testify as to the damages which she had sustained by reason of the construction of the railway through her land. Such matters did not pertain to his agency at all. The testimony of Ford was prejudicial.

For this error the judgment is reversed, and the cause is remanded for a new trial.