ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. COURTNEY.

Opinion delivered January 6, 1906.

1. WITNESSES—HUSBAND INCOMPETENT TO TESTIFY FOR WIFE.—The statute which prohibits the husband or wife from testifying for or against each other, except that "either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent (Kirby's Digest, § 3095), is violated by permitting the husband to testify as to the value of his wife's stock in a suit by her against a railroad company for stock killed by the train. (Page 433.)

2. INCOMPETENT EVIDENCE—PRESUMPTION OF PREJUDICE.—When incompetent evidence is introduced, prejudice is presumed, and the burden is on the party introducing it to show that no prejudice resulted. (Page 434.)

3. INCOMPETENT EVIDENCE—REMITTITUR.—Where, in a suit by a married woman to recover for the value of stock negligently killed, one witness testified that they were worth $280, another that they were worth $260, and the husband was improperly permitted to testify that they were worth $280, there being no other witnesses on this point, and the jury found that they were worth $280, judgment will be reversed unless a remittitur of $20 is entered. (Page 434.)

Appeal from Chicot Circuit Court; Z. T. WOOD, Judge; affirmed.

*B. S. Johnson,* for appellant.

1. Testimony of the husband was incompetent. Kirby's Digest, § 3095; 31 Ark. 684; 33 Ark. 207; 33 Ark. 259; 33 Ark. 861; 34 Ark. 663. He cannot establish agency by his own declaration. 44 Ark. 213; 2 Whart. Ev. § 1284; 43 Ark. 298; 71 Ark. 192.

2. The statutory presumption of negligence was overcome by undisputed testimony. Darkness and rain are circumstances the jury may take into consideration in determining negligence. 36 Ark. 451; 37 Ark. 562. See also 67 Ark. 514, and cases cited.

*Knox & Hardy,* for appellee.

The testimony of the husband was competent. 30 Am. & Eng. Enc. Law (2 Ed.), 973. In any event his testimony was not prejudicial. 22 Ark. 79; 56 Ark. 37; 58 Ark. 446.

The statutory presumption of negligence prevails until it is clearly overcome by the testimony, the weight of which is for the jury. 54 Ark. 214; 45 Ark. 295; 57 Ark. 140. The burden was on the defendant to show that there was no negligence. 57 Ark. 136; *Ib.* 192.

RIDDICK, J. This is an appeal from a judgment against the railway company for $280 as damages for killing two horses owned by the plaintiff, Mrs. E. E. Courtney.

We think there is evidence to support the verdict. It was shown that the horses of the plaintiff were struck by the train and killed. This under the statute made out a *prima facie* case in favor of plaintiff. The defendant put on the stand only one witness, and this witness was the engineer in charge of the train at the time of the accident. He said that the stock came on the track "about 100 feet ahead of the engine and right at the trestle." The horses were struck and killed on the trestle. This witness also

stated that it was at night and raining, and that the headlight only enabled him to see about 50 or 60 feet ahead of the train, and that when he saw the horses they were probably 40 or 50 feet away. The evidence of other witnesses shows that these horses had been running ahead of the train 150 yards or more. If the headlight enabled the engineer to see 50 or 60 feet ahead of the train, he should have discovered the horses before he was within forty or fifty feet of them. Besides, his testimony that the horses came suddenly on the track from the side is contradicted by witnesses who testified that the tracks of the horses came straight down the track. His statement that they came on the track "about a hundred feet ahead of the engine right at the trestle" is not entitled to much credit, if we believe his other statement that when he first saw them they were within 40 or 50 feet of the engine. If he did not see them until he was within 40 or 50 feet of them, how could he tell what they were doing when he was 100 feet from them? The fireman did not testify, and the company relies on the testimony of the engineer only; and, as his statements are to a certain extent contradictory, we think the question of his credibility was for the jury.

The only other question presented relates to competency of the testimony of J. S. Courtney, who testified for the plaintiff. The defendant objected to his testimony on the ground that he was the husband of the plaintiff. Counsel for plaintiff then asked the following question: "Are you Mrs. Courtney's general agent for the transaction of all her business?" To which the witness responded, "Yes, sir." The court thereupon overruled the objection of defendant. This witness was not present at the time the horses were killed. He did not go to the place where they were killed until a day or two afterwards. The facts in reference to the accident to which he testified were fully established by other witnesses, and are not controverted. The only material part of his testimony related to the value of the horses killed.

Our statute provides that husband and wife shall be incompetent to testify for or against each other, with the exception that "either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent." Kirby's Digest, § 3095. It will be noticed that under the statute a husband is incompetent to testify for his wife except in

regard to some business transacted by him for by him for her as her agent. Now, the testimony of the husband in this case was not, we think, testimony in reference to a business transaction done by him as her agent. It was therefore not competent testimony. But the only material part of his testimony relates, as we have said, to the value of the horses killed. He stated that their aggregate value was $280. The two other witnesses who testified on that point differed, one saying their value was $280, and the other $260. Counsel for plaintiff say that, if the testimony of the husband was incompetent, we can not say which of these witnesses the jury would have believed, and that therefore we should not disturb the verdict. But the rule, when incompetent evidence is introduced, is that prejudice is presumed, and the burden is on the party introducing it to show that no prejudice resulted. That cannot be done in this case, and the judgment must be reversed unless plaintiff will remit $20, that being the excess in value found by the jury over that estimated by the witness who gave the lowest value.

Plaintiff is allowed two weeks to elect whether to enter a remittitur or submit to a new trial. If remittitur is entered, judgment for remainder will be affirmed; otherwise the judgment will be reversed, and new trial ordered.