ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

STANDIFER.

Opinion delivered January 7, 1907.

1. MASTER AND SERVANT—DAMAGE BY OPERATION OF TRAIN—PRESUMPTION. —Where an employee of a railroad company, while riding on a hand-car, is struck by a train and killed, a *prima facie* case of negligence is made against the company, and it devolves upon it to show that its employees in charge of the train exercised due care or that the deceased was guilty of contributory negligence, unless these facts appear from the evidence of plaintiff. (Page 277.)

2. DAMAGES—LOSS OF PARENT'S TRAINING.—Where it was shown that deceased was an honest and industrious man, that he was kind to his children, that he sent them to school and labored for their support, it was not improper for the court to tell the jury that if they found for plaintiffs, who were deceased's minor children, they could, in assessing the damages, take into consideration any damages sustained by them from loss of parental instruction and training, if they believed from the evidence that they would have been thus benefited. (Page 277.)

Appeal from Independence Circuit Court; *Frederick D. Fulkerson*, Judge; affirmed.

*B. S. Johnson,* for appellant.

1. The court erred in instructing the jury, that, the killing by the operation of appellant's train being proved, the presumption was that it was due to negligence on the part of those in charge of the train, and that, unless deceased was guilty of contributory negligence, the burden was on appellant to prove that its employees were not negligent in operating the train. 79 Ark. 76; 44 Ark. 527; 46 Ark. 555; 51 Ark. 467; 1 Cold. (Tenn.), 611; Wood, Master & Servant, § 382; 51 Ark. 467; 179 U. S. 658; 123 Fed. 61.

2. Appellee having rested her case after proving the killing by appellant's train, and appellant having shown by uncontradicted testimony that its train was running on its schedule time, rounding a curve, and that the engineer stopped the train as quickly as possible, after discovering the danger of deceased, it was error to refuse appellant's request for a peremptory instruction.

3. The court erred in giving its 11th instruction on the measure of damages, because there was no proof that deceased gave his children any instruction, or physical, moral or intellectual training.

*Oldfield & Cole* and *Wright & Reeder,* for appellee.

1. The killing by one of appellant's trains being proved, a *prima facie* case of negligence was made out against appellant, and the burden devolved upon it to prove that its operatives in charge of the train were not negligent. Kirby's Digest, § § 6607, 6773; 65 Ark. 235. The burden of proof placed upon the appellant inures to the benefit of its employees as well as other persons. 2 Labatt, Master & Servant, 2321. Neither the foreman of the section crew, the fireman nor the engineer was a fellow-servant of deceased. Kirby's Digest, § § 6658, 6659; 65 Ark. 138. See, also, 39 So. 845; 116 Ill. 356; 77 S. W. 890; 78 S. W. 275; 58 Ga. 485.

2. The peremptory instruction asked by appellant was properly refused. The jury were warranted by the physical facts in disbelieving the engineer's testimony that he was keeping a constant lookout and did all he could to stop the train. 54 Ark. 214.

3.  The eleventh instruction on the measure of damages was based on competent testimony, and was properly given. 57 Ark. 306; 60 Ark. 559; 71 Ark. 258.

RIDDICK, J.   This is an action by the widow and children of T. Y. Standifer against the Iron Mountain Railway Company to recover damages for his death.  Standifer was employed by the company as a section hand, and while he, with other employees, was on a handcar which was being propelled along the railway track the car was overtaken and struck by the engine of a passenger train, and Standifer was killed.

The circuit court told the jury in substance that, as Standifer was struck and killed by the train of the defendant company, this made out a *prima facie* case of negligence against the company, and that to escape liability the company must show either that its employees in charge of the train were not guilty of negligence or that Standifer was guilty of contributory negligence.  Counsel for defendant contends that this instruction was erroneous for the reason that Standifer was an employee of the company at the time of the accident.  It is true that it has been held by this court that when an employee of a railway company is injured by a defect in the machinery or track of the railway company, the injury under such circumstances does not of itself raise a presumption of negligence on the part of the master.  *St. Louis & S. F. Rd. Co.* v. *Hill,* 79 Ark. 76; *St. Louis, I. M. & S. Ry. Co.* v. *Harper,* 44 Ark. 529; *Patton* v. *T. & P. Ry.,* 179 U. S. 658, 663.

But the death of Standifer was not caused by a defect in machinery or track.  He was not one of those in charge of the train that caused his injury.  While riding on a handcar, he was struck by a train and killed.  If the accident was due to the negligence of the employees of the company in charge of the train, it was either negligence in failing to keep a lookout or negligence in failing to stop the train after Standifer and those on the handcar were seen on the track.

Now, the statute not only requires that the employees in charge of a running train shall keep a constant lookout for persons and property on the track, but provides that in case of an injury "the burden of proof shall devolve upon such railroad to establish the fact that this duty has been performed."  Kirby's Digest, § 6607.

Another statute provides that railroads in this State "shall be responsible for all damages to persons and property done or. caused by the running of trains in this State." Kirby's Digest, §. 6773. The construction given to this latter statute is that where, in an action for damages against the company for causing the death of a person, it is shown that the person was killed by being struck by a train, a *prima facie* case of negligence is made against the company, and it devolves on the company to show that its employees in charge of the train exercised due care, or that the deceased was guilty of contributory negligence, unless these facts appear from the evidence of plaintiff. The fact that the person struck by the train was in the employ of the company at the time of the accident does not change the rule in this respect, though it may bring in the question of assumption of risks or other questions of that kind. We are therefore of the opinion that the objection to this instruction must be overruled. *Little Rock & Ft. Smith Railway Co.* v. *Blewitt,* 65 Ark. 235.

It was shown that Standifer was an honest and industrious man, that he was kind to his children, sent them to school as much as his means allowed, and labored for their support. Under these circumstances it was not improper for the court to tell the jury that if they found for plaintiffs, the minor children of Standifer, they could, in assessing the damages, take into consideration any damages sustained by them from loss of his parental instruction and training if they believed "from the evidence that he would have been thus beneficial." *St. Louis, I. M. & S. Ry. Co.* v. *Sweet,* 60 Ark. 559.

The only other contention is that the verdict is not sustained by the evidence. It is said that the train approached the place of accident around the curve, and that it was within three hundred feet of the handcar before it could have been seen, and that it was impossible to stop the train within that distance. But there was also evidence tending to show that a person on the side of the engine where the fireman sat, which was on the inside of the curve, could have seen the handcar and those upon it at a much greater distance than three hundred feet. This evidence to some extent contradicted that of the engineer and fireman, and

the question as to whether the train could have been stopped in time to have avoided the injury was therefore one for the jury.

Judgment affirmed.