MILES *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

COMPANY.

Opinion delivered May 17, 1909.

1. APPEAL—REJECTION OF WITNESS—EFFECT.—Where a witness is rejected on the ground of his incompetency, it will be unnecessary on appeal to show what he would have testified, as it will be presumed that the witness would have been rejected, no matter how material the evidence might have been. (Page 490.)

2. WITNESSES—HUSBAND AND WIFE.—Kirby's Digest, § 3095, providing that husband and wife shall be incompetent to testify "for or against

each other," does not debar a wife from testifying in behalf of her husband where he sues in a representative capacity as administrator of his child, even though he will be entitled, as distributee, to receive part of any fund recovered by him as administrator. (Page 491).

3.  INFANT—CONTRIBUTORY AND IMPUTED NEGLIGENCE.—A child of tender years cannot be held guilty of contributory negligence, nor, in a suit for the benefit of the child's estate, will the negligence of a parent be imputed to the child.   (Page 493.)

4.  CARRIERS—FREIGHT TRAINS—NEGLIGENCE.—Where a child was killed by being thrown from the platform of the caboose of a freight train and crushed under the wheels, and there was evidence tending to prove that the car was negligently jerked while passengers were entering the coach, it was error to instruct the jury that freight trains jerk more than passenger trains and that this jerking is not negligence.   (Page 493.)

5.  SAME—INJURY BY TRAIN—PRESUMPTION.—Where there was proof that plaintiff's intestate was killed by the moving of a train, it was error to charge in effect that the burden was on plaintiff to prove negligence on defendant's part; proof of the killing making a *prima facie* case of negligence against the railway company. (Page 493.)

6.  NEGLIGENCE—BURDEN OF PROOF.—Where contributory negligence is a defense, the burden is on the defendant pleading it.   (Page 494.)

Appeal from Hot Spring Circuit Court; *William H. Evans,* Judge; reversed.

### STATEMENT BY THE COURT.

This was a suit by Tom M. Miles, as administrator of the estate of Mary Ellen Miles, to recover for damages alleged to be due the estate on account of the alleged negligent killing of Mary Ellen Miles by the appellee. It is alleged: "That the said Mary Ellen Miles was boarding said train as a passenger with her mother, and that she was lifted up on the platform of the caboose by her mother, and just after she was lifted up on the platform her mother turned around to pick up her grip, which she had set down so she could lift the said Mary Ellen Miles up on said platform, and before the said Mary Ellen Miles got in the caboose, and before her mother had time to get up on said platform the defendant company negligently and carelessly shoved said train backwards and caused the said Mary Ellen Miles to fall down on the track between said cars, and after she fell down on said track the defendant company negligently and carelessly pushed a car against and over her, causing her to re-

ceive injuries from which she suffered from ten o'clock A. M. on the 24th day of August, 1907, until about one o'clock P. M. the next day, when she died of such injuries. That the injuries were caused by the failure of the defendant to keep a constant lookout while operating its train, and by the negligence and carelessness of the agents and servants of defendant in not handling the train properly, and in moving said train when it knew, or by the exercise of due care could have known, that Mary Ellen Miles was in a position of danger."

Damages for the estate were laid in the sum of five thousand dollars, for which judgment was asked.

The answer of appellant denied all the material allegations, except the killing, and set up contributory negligence on the part of the mother of Mary Ellen Miles. The evidence on behalf of appellant tended to show the following facts:

That Elvira Miles was the wife of Tom M. Miles, and that they resided at Perla, Arkansas, and that on the 24th day of August, 1908, about ten o'clock A. M., Elvira Miles was at Smackover, Arkansas, a regular station on the St. Louis, Iron Mountain & Southern Railway Company, with their child, Mary Ellen Miles, who was three and a half years of age, for the purpose of boarding the local freight train of the said St. Louis, Iron Mountain & Southern Railway Company as a passenger to go to Perla, Arkansas, and after said train came up to the station and stopped where passengers usually get on and off of said train, the said Elvira Miles started to board said train with her child, and she set her basket down and lifted the child up on the front platform of the caboose, and then stooped down and picked up her basket and started to get on herself, and as she started to get on, and while she had hold of one of the handholds with one hand and her foot on the bottom step of the platform, and before the child got inside of the caboose, the train shoved back with a sudden jerk, and threw the child down on the track between the cars, and caused it to be run over by the wheels of the car in front of the caboose, which crushed one leg and one thumb. That the child was taken from under the cars, and carried to a doctor's office, where the leg was amputated and the thumb dressed, and after this was carried to a house near by, where it was kept until the next day about one o'clock P. M., at which time it died from the

effects of the injuries received. That it was conscious all the time after it was injured except when it was under the influence of anæsthetics, while it was being operated on. That the train was still when she started to get on, and as she was in the act of getting on one of the brakemen gave a signal to back up, and that the train did back in the manner stated and caused the injuries alleged.

There was evidence tending to prove that all the passengers had not debarked, and one of them had started to get off, but had not reached the door when the little girl fell. The appellant offered to prove by Elvira Miles, the wife of Tom Miles, the plaintiff, that Mary Ellen Miles was injured and killed as alleged in the complaint, but the court refused to allow Elvira Miles to testify on the ground that she was not a competent witness.

The appellee adduced evidence tending to prove that it was not negligent in operating its train on the occasion when Mary Ellen Miles was injured.

The appellant asked several instructions. The court refused to grant all the prayers as asked, but modified some of them, and gave them in the modified form, over appellant's objection. Other prayers for instructions by appellant were granted. The court, over the objection of appellant, refused the following prayer for instruction: "3. The court instructs the jury that a child of tender years cannot be guilty of negligence, nor can the negligence of the parent be imputed to the child, and that if you believe from the evidence that the agents and servants of the defendant company could have seen by the exercise of reasonable care and diligence that the said Mary Ellen Miles was in a position of danger at the time they backed said train, and that said agents and servants of the defendant failed to exercise reasonable care and diligence to see her position, it will be your duty to find for the plaintiff."

The court, over the objection of appellant, gave the following prayers for instructions presented by appellee:

"2. You are instructed that attempting to board a moving train or a freight train before it comes to an absolute stop is contributory negligence and bars a recovery, and if you find from the evidence in this case that the local freight train ran up to Smackover and made the usual stop, and that the deceased's

mother put her on the platform, and that the slack of the train caused her to fall under the wheels and get injured and killed, your verdict must be for the defendant.

"3. You are instructed that freight trains, both in starting and stopping, necessarily jerk more than passenger trains, and you are further instructed that this jerking is not negligence, and if it caused the injury there is no liability, and you can not find against the company.

"4. If you find from the evidence in this case that when the local train ran up to Smackover and the child's mother, before there was any instructions for passengers to get aboard, set the little three-year-old child on the platform, and in doing so she failed to use ordinary care and caution, and the jerk of the train threw her down and injured and killed her, the defendant is not liable, and your verdict must be for the defendant."

"6. If you find from the evidence in this case that the defendant's agents and servants did what men of ordinary care and prudence would have done, situated as they were, they were not guilty of negligence, although the child may have been injured as alleged in plaintiff's complaint, and defendant company would not be liable because it can only be liable if the proof shows it was guilty of negligence."

The verdict was in favor of appellee. A motion for new trial, assigning as errors the various rulings to which exceptions were had, was overruled. Judgment was entered for appellee, which this appeal seeks to reverse.

*Jabez M. Smith,* for appellant.

If the administrator had recovered, the proceeds would still have had to pass through the regular course of administration under the jurisdiction of the probate court before he could have been determined to be a distributee. 47 Ark. 225; 38 Ark. 261. It was not within the jurisdiction of the circuit court to determine whether or not the father was a distributee of the estate. That was a question solely within the jurisdiction of the probate court. 47 Ark. 225; 38 Ark. 261; Kirby's Dig. § § 110 and 160. Contributory negligence is a matter of defense and must be pleaded. 77 Ark. 10. The question as to whether the mother was guilty of contributory negligence should have been

left to the jury. 112 S. W. 222; 113 S. W. 200. When more than one inference can be fairly drawn from the facts as to the care or want of care of the plaintiff, the question of contributory negligence is for the jury, 67 Ark. 531; 111 S. W. 264; 46 Ark. 437. When a train is started while a passenger is attempting to alight, and he is injured, a *prima facie* case of negligence is made out against the company. Kirby's Dig. § 6773; 83 Ark. 221; 113 S. W. 645; 81 Ark. 275; 73 Ark. 552; 63 Ark. 636. Defendant must prove contributory negligence. 48 Ark. 475; 46 Ark. 436; *Id.* 193. The most important duty incumbent upon carriers is to provide for the safety of their passengers. 55 Ark. 254; 60 Ark. 556; 82 Ark. 504. And this rule applies even though the passenger is on a freight train. 112 S. W. 222.

*E. B. Kinsworthy, Lewis Rhoton,* and *Bridges, Wooldridge & Gantt,* for appellee.

Where the husband and wife are both interested in the result of a controversy, and the adverse party sues or defends in a representative capacity, the wife is incompetent as a witness for the husband if she would be incompetent in her own behalf. 132 Ill. 392. If the husband sues as next friend for the sole benefit of some other person, the wife is a competent witness. 59 Ark. 180. But here plaintiff and his wife are the real parties in interest. Contributory negligence of the parent may be pleaded, even though he sues in a representative capacity. Thompson on Neg. § 3077; Beach, Contributory Neg. § 44; Tiffany, Death by Wrongful Act, § 69; 92 Pa. St. 450; 37 Am. Rep. 705; 94 Mo. 600; 36 Ark. 41; 95 Tenn. 30; 28 L. R. A. 486; 49 Am. St. 909; 138 Ill. 370; 21 L. R. A. 76; 55 O. St. 530; 36 L. R. A. 812.

WOOD, J., (after stating the facts). First. The court refused to allow the wife of the appellant to testify, on the express ground that she was not a competent witness. The question therefore as to whether her testimony, if allowed, would have been material and prejudicial is not presented. "Where a witness is rejected on the ground of incompetency, it must be presumed that the witness would have been rejected, no matter how material the evidence might have been." *Rickerstricker* v. *State,* 31 Ark. 208. Moreover, if, as the record shows, her testimony

would have tended to prove that Mary Ellen Miles was injured and killed in the manner alleged in the complaint, then the exclusion of it was highly prejudicial. For no one can divine what weight the jury might have given it. Her situation at the time enabled her to have perhaps a more accurate and comprehensive knowledge of the facts than any other witness. No matter if the testimony of other witnesses tended to prove the same facts, her testimony no doubt would have greatly fortified that of her husband or any other witness, and the jury may have regarded it as more important than any other. It must be presumed that prejudice resulted in the exclusion of a witness who possessed such excellent opportunities for knowing the facts.

At the common law, on the grounds both of identity of interest and public policy, the husband and wife were incompetent to testify for or against each other. 2 Kent's Com. § 179; 1 Greenleaf, Ev. § 334. But since the adoption of the Constitution, which provides that "no witness shall be excluded because he is a party to the suit or interested in the issue to be tried" (Const. 1874, schedule, § 2), the statute which now renders the husband and wife incompetent to testify "for or against each other, or concerning any communication made by the one to the other during marriage" is not grounded upon any identity of pecuniary interest that the one may have in the result of a suit by the other. But the reason for the rule that now excludes them from testifying for or against each other is the "anxious solicitude which the law discovers to preserve domestic tranquillity." In other words, it is the wise public policy of conserving and promoting domestic peace and happiness, which has been embodied in the statute. Kirby's Digest, § 3095; *Collins* v. *Mack,* 31 Ark. 684.

This court has often held that the husband and wife were incompetent to testify for or against each other in suits where the one or the other was a party in his or her own right, and not in some fiduciary or representative capacity. *Phipps* v. *Martin,* 33 Ark. 207; *Little Rock & Ft. S. Ry. Co.* v. *Payne,* 33 Ark. 816; *Casey* v. *State,* 37 Ark. 67; *Miss. River, H. & W. R. Co.* v. *Ford,* 71 Ark. 192; *St. Louis, I. M. & S. Ry.* v. *Courtney,* 77 Ark. 431; *Mahoney* v. *Roberts,* 86 Ark. 130; *Taylor* v. *McClintock,* 87 Ark. 243. To have held otherwise in those cases would have been contrary to the statute *supra.*

And, so long as identity of pecuniary interest was recognized as one of the basic principles for the rule of exclusion, it would necessarily operate in collateral suits where the husband or wife were not parties to the record, but directly interested in the outcome of the litigation. 1 Greenleaf, Ev. 341. See also *Leach v. Fowler,* 22 Ark. 143.

But, since interest is not longer to be considered as the reason for the statutory rule, it should not be extended to compass cases that do not come strictly within its terms. As was said by the Supreme Court of Kansas concerning a statute similar to the provision of our Constitution *supra*: "As our statute has opened wide the door to all persons to be witnesses without regard to their interest in the suit, except as affecting their credibility, we ought not to keep up the disqualification as to the wife being a witness on account of the interest of the husband unless the plain provision of the law forbids any other conclusion." *Van Fleet* v. *Stout,* 44 Kan. 526; *Higbee* v. *McMillan,* 18 Kan. 133. Since the old rule disqualifying because of pecuniary interest has passed away, the trend of decisions is to turn on all the light possible in the admission of evidence, leaving the question of credibility for the jury. Schouler's Dom. Rel. § 53, pp. 53, 54; Rodgers, Dom. Rel. § 290, p. 212 and cases cited. See *Railway Co.* v. *Amos,* 54 Ark. 159; *Klenk* v. *Knoble,* 37 Ark. 298; *Board* v. *Moore's Adm'r,* 66 S. W. 417; *Mitchell* v. *Brady,* 124 Ky. 411.

In *Nolen* v. *Harden,* 43 Ark. 307, it is held (quoting syllabus): "The public policy which forbids a husband or wife from testifying for or against each other does not extend to collateral suits between third parties. In these a wife may testify as to transactions of her husband, where she can do so without breach of matrimonial confidence."

And in *Railway Co.* v. *Rexroad,* 59 Ark. 180, we said (quoting syllabus): "In an action by a husband as next friend for the sole benefit of an infant child, his wife is a competent witness, as he is merely the manager or conductor of the suit; and the fact that he is liable for costs does not disqualify her, under Mansfield's Digest, § 2859, providing that husband and wife shall be incompetent to testify for or against each other."

So here the husband is acting in his fiducial capacity. He is suing for the sole benefit of the estate. If he should recover,

and should receive a part of the fund recovered as a distributee of his daughter's estate, still that would not make the present suit one in his own name and right.

We are of the opinion that when the husband sues, not in his individual but representative capacity, the suit is not by and for him, and therefore the wife in such case is not a witness for him in the meaning of statute.

Second. This being a suit by the administrator for the benefit of the estate, the court should have given appellant's prayer number three. *St. Louis, I. M. & S. Ry. Co.* v. *Dawson,* 68 Ark. 7; *Air Line Ry. Co.* v. *Gravitt,* 93 Ga. 369 at p. 383; *Norfolk & W. Rd. Co.* v. *Groseclose,* 88 Va. 267, s. c. Am. St. Rep. 718; *Wymore* v. *Mahaska County,* 78 Ia. 396, s. c. 6 L. R. A. 545, 16 Am. St. Rep. 449; Beach, Contributory Neg. § 131a. As to whether appellant was entitled to a distributive share, should there be a recovery, was not presented in this case. The only issue under the pleadings was whether or not appellant should recover, not for his own benefit, but for the benefit of the estate. There is no count in the complaint seeking to recover for his own benefit as next of kin, as there was in the Dawson case *supra.*

The court also erred in giving prayers numbered two and four.

Instruction number three at the instance of appellee virtually told the jury that the jerking of the train was not negligence, and that if such jerking caused the injury appellee was not liable. This was error. The question should have been submitted to the jury to determine whether the jerking of the train under the cirstances was negligence.

Instruction number six at the request of appellee placed the burden upon the appellant to prove that appellee was guilty of negligence. At least the instruction was fairly susceptible of that meaning, and was therefore misleading and prejudicial. Appellant having shown that his intestate was injured by the operation of the train while she was attempting to board same as a passenger, a *prima facie* case of negligence against the company was thereby established, and it then devolved upon appellee to prove that it was not negligent. *St. Louis, I. M. & S. Ry. Co.* v. *Standifer,* 81 Ark. 275; *Barringer* v. *St. Louis, I. M. & S. Ry.*

*Co.,* 73 Ark. 552; *St. Louis, I. M. & S. Ry. Co.* v. *Neely,* 63 Ark. 636.

The court erred in modifying appellant's prayers for instructions numbered one and two. The modification allowed the defense of contributory negligence on the part of the mother of the child, and placed the burden on appellant to prove that the mother was free from contributory negligence. Even if contributory negligence were a defense in such cases, the burden would be upon the one pleading it to prove it. *Little Rock & Ft. S. R. Co.* v. *Eubanks,* 48 Ark. 475.

We find no other reversible errors in the record. For those indicated the judgment is reversed, and the cause is remanded for new trial.