## MILLER *v.* HAMMOCK.

### Opinion delivered December 12, 1910.

1. INSTRUCTION—ABSTRACT CHARGE.—Where a wife sued to recover a chattel which she claimed that her husband had exchanged without authority, it was error to instruct the jury that if the husband was the wife's agent then it was her duty to offer to restore the property for which the chattel was exchanged when there was no evidence upon which to base such an instruction. (Page 12.)

2. WITNESSES—HUSBAND TESTIFYING FOR WIFE.—Under Kirby's Dig., § 3095, subdiv. 4, providing that husband and wife shall be incompetent to testify against each other, except that "either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent," a husband is incompetent to testify in his wife's behalf, not to any question of agency, but that he was so drunk when he exchanged his wife's property that he was incapacitated to attend to business. (Page 12.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*W. R. Donham, C. A. Cunningham* and *Coleman & Lewis,* for appellant.

KIRBY, J. This is an action in replevin for the recovery of a bay mare alleged to be the property of appellee. The affidavit was in the usual form. Appellant. denied all the allegations of the complaint and affidavit, and claimed ownership and right to possession of the property.

The evidence tended to show that Mrs. W. E. Hammock raised the mare from a colt, and that she acquired the mother of the colt by swapping an old horse given to her by her mother, and that she always claimed to own and did own her; that her husband, without any authority and without her knowledge, traded the mare in controversy to Rick Spann for a horse and $25, and that appellant's husband traded for her that day. No offer of restitution or return of property was made with the demand for the possession of the mare, and the delay in bringing suit was claimed to be due to the fact that appellee did not know where the mare was, although she lived within a few miles of appellant. There was an attempt to show such a course of conduct of Mrs. Hammock in permitting her husband to use and deal with the mare as would constitute him her agent. J. W. Hammock, her husband, was permitted to testify over the objection of appellant, not to any question of agency, but that he was induced to take a drink by Rick Spann and became so drunk that he was utterly incapacitated to attend to business, and knew nothing whatever about the trade.

The court, among others, gave, over appellant's objection, instruction No. 7, as follows:

"7. If you believe from the evidence in this case that the plaintiff's husband was so drunk at the time of the alleged swap with Spann that he did not know what he was doing, then plaintiff would not be bound, even if you should find that he acted as the agent of the plaintiff; but if you find that he was her agent, then it would be her duty to offer to make restitution of the property received, before she can recover in this case."

The jury returned a verdict for plaintiff, and defendant appealed.

The instruction, while it may be correct as an abstract proposition of law, should not have been given, as there was no evidence upon which to base it. Appellant did not even claim to have offered to make any restitution of the property, and her theory of the case was that her husband was without authority to trade the animal, and that no offer to return the porperty secured by him was necessary on her part.

It was error to permit her husband, J. W. Hammock, to testify, as she claimed he had no authority to and did not act

as her agent in making the trade, and there was no ratification of it shown. The husband is allowed to testify for the wife only in regard to any business transacted by him for her in the capacity of agent. Kirby's Digest, § 3095, subdiv. 4.

We can not say that these errors were not prejudicial, and the case is reversed and remanded for a new trial.