## SHEPARD v. MENDENHALL.

### Opinion delivered January 15, 1917.

1. EVIDENCE—PRIVILEGED COMMUNICATIONS—DRAWING A DEED—ATTORNEY ACTING AS SCRIVENER.—Communications to an attorney employed to draft a deed, where no legal problems are expressly brought forward, are not privileged.

2. APPEAL AND ERROR—EXCLUSION OF TESTIMONY ON GROUND THAT WITNESS IS INCOMPETENT.—Where a witness is not permitted to tes-

tify on the ground that he is not a competent witness, in order to save the point, it is not necessary for the complaining party to show what the excluded testimony would have been.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney*, Judge; reversed.

*J. L. Taylor* and *C. T. Bloodworth*, for appellant.

1.   Bloodworth's testimony was not privileged. He was not acting as attorney for either party, but merely as a scrivener and notary public. 9 Ark. 307; 24 *Id.* 355; 22 A. & E. Ann. Cases, 834 and note, p. 839; 40 Cyc. 2365.

*T. J. Crowder*, for appellee.

The court properly excluded C. T. Bloodworth's testimony. His information was obtained through professional relations to his client. It was privileged. Kirby's Digest, § 3095, subd. 5; 24 Ark. 345; 33 *Id.* 771; 78 *Id.* 71; 40 Cyc. 2361-5, 2370. The exclusion was not prejudicial.

SMITH, J.   Appellee executed and delivered to appellant a deed to a tract of land. The consideration was there recited to be $150.00 cash in hand paid. In her complaint appellee alleged the consideration to have been in fact $2,000.00, and she seeks by this suit to recover judgment for the unpaid portion thereof. Both parties agree that the sum of $150.00 was not paid and that this was not the consideration in fact, but they sharply differ in their testimony as to what the real consideration was. Appellee recovered judgment for the amount of the consideration which she says appellant agreed to pay, and this appeal has been prosecuted to reverse that judgment.

Upon the trial of this cause one C. T. Bloodworth was sworn as a witness, and appellant offered to show that the parties called upon Bloodworth in the capacity of a notary public and scrivener to prepare the deed, and, in order that he might do so, stated to him the agreement between themselves. Objection was made to this evidence upon the ground that it was privileged,

whereupon Bloodworth stated to the court: "Mr. Bloodworth: I want to state further that I was consulted by neither of them at that time in a legal capacity, but was only asked to draw up and acknowledge this deed for them."

The court sustained the objection to this evidence, and this action is assigned as error.

By Section 3095 of Kirby's Digest, an attorney is prohibited from testifying concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent; and the court below took the view that this statute was applicable to the facts of this case. We think this was error. The witness was offering to testify that neither party consulted him in a legal capacity, and that the relation of attorney and client was not constituted.

In 40 Cyc., pp. 2363-2365, it is said: "In order that the rule of privilege may apply, the relation of attorney and client must actually exist between the parties at the time when the communication is made or the information acquired, or at least the party making the communication must have believed that such relation existed, and so there is no privilege as to a communication by one party to his adversary's attorney. An attorney who acted as a mere scrivener in preparing a deed, will, or other instrument in accordance with instructions given to him, may testify as to the transaction; and an attorney who acts merely as a notary in taking the acknowledgment of a deed or other instrument may testify as to communications made to him at the time or the attending circumstances. * * * But where an attorney is employed in his professional capacity, he cannot testify as to communications in regard to a deed or other instrument, which he prepared for his client in the course of such employment." A number of cases on the subject are cited in the note to the text quoted above.

(1) We think, however, a more accurate statement of the law is found in Volume 4 of Wigmore on Evidence, § 2297, where it is said:

"A deed or other conveyance is drafted sometimes by the parties, sometimes by a real estate broker, sometimes (as on the Continent, and formerly in England) by a notary or scrivener, and sometimes by an attorney at law. Though it necessarily affects rights and obligations, there is not necessarily a contribution of legal advice in its preparation. It is conceivable, therefore, that an attorney may be asked to draft a deed of a certain tenor, without any express reference to his knowledge of the law. On the other hand, he will undoubtedly use that knowledge, and his employer impliedly requests him to use it, in phrasing the instrument. The question thus arises whether the communications then made by his employer, although they may not in terms concern legal aspects of the transaction, are to be regarded as communications made in the course of an employment for legal advice.

"This question has naturally received conflicting answers. The tendency at first in England was to make a sharp distinction between services as a conveyancer and services as an attorney at law. But this was probably due in part to the original limitation of the privilege to communications for the purpose of litigation (*ante*, § 2294); and since this limitation disappeared, the inclination has been to take the larger view of the privilege in the present respect also. In the United States, the drafting of a *will* has almost always been assumed (and naturally) to bring the testator's communications within the privilege. But for *deeds* and other instruments the privilege has been strictly construed, and where no legal problem has been expressly brought forward by the client, his communications concerning the mere drafting of the instrument have commonly been admitted. The circumstances of each case must affect the result; but in general a strict construction is the proper one, especially in those cases where attorneys combine the occupation of real estate and insurance brokers or act also as executive officers of a corporate business."

(2)    The witness did not at the time offer to testify what the directions to him were, but as the evidence was excluded on the ground that the witness was incompetent this is immaterial, the rule in such cases being that the complaining party need not show, to secure a reversal, what the evidence of the excluded witness would have been.    This is true because it must be presumed the court would have excluded the evidence, however material it may have been.    *Miles* v. *St. L. I. M. & S. Ry. Co.*, 90 Ark. 485; *Rickerstricker* v. *State*, 31 Ark. 208.

For the error indicated the judgment will be reversed and the cause remanded for a new trial.