KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* BIGGS.

Opinion delivered May 26, 1930.

*Joseph R. Brown* and *James B. McDonough,* for appellant.

*Roy Gean,* for appellee.

HART, C. J.   Appellant prosecutes this appeal to reverse a judgment against it in favor of appellee for injuries to person and property, alleged to have been caused by one of appellant's trains negligently running into her automobile at a railroad crossing in the city of Fort Smith.

According to the evidence adduced in favor of appellee, she had just purchased a new Ford sedan, and was driving in it with her husband across the railroad tracks of appellant sometime after dark in the latter part of January, 1929, when one of appellant's trains negligently ran into her automobile and severely injured her and badly damaged her automobile.   Appellee was sitting by the side of her husband who was driving the car at the time the accident occurred.   The automobile was going west; and, as they were going across the railroad crossing, something dark struck the automobile and turned it around.   The train went on by the crossing and then stopped.   There was no headlight burning on the engine of the train, and there were no lights in the coaches of the train.   The bell was not sounded nor was the whistle blown for the crossing.   The headlights were burning on the automobile at the time of the accident.   There was no light ahead of the automobile which looked like that of a train or automobile.   The train ran about a block after it had run across the crossing before it was stopped. The crossing where the accident occurred was about four blocks from the railroad station.

According to the evidence adduced in favor of the appellant, the operatives of the train began to ring the bell after the train left the station, and it was kept ringing by an automatic ringer until after the accident occurred.   The statutory whistle was also blown for the

crossing. The engineer and fireman were both keeping a lookout. The engine had a standard headlight, and there were lights in the coaches at the time the accident occurred. The engineer and fireman were at their usual places on the engine, and both were keeping a lookout. The engineer did not see the automobile until it came right out in front of the engine on his side of the train. No automobile appeared in range of the headlight of the engine when it was a block or a half a block away from the crossing. The headlight was burning at the time the engine approached the crossing, and there was nothing wrong with it. Other witnesses for the appellant testified that the headlight of the engine was burning, and that there were lights in the coaches at the time the train approached the crossing. They also testified that the bell was ringing, and that the whistle was blown for the crossing. The track was straight from the crossing in the direction from which the train was approaching.

It is first earnestly insisted by counsel for appellant that the evidence is not legally sufficient to warrant the verdict. They contend that, inasmuch as the track was straight, and as both the engineer and fireman testified that the headlight was burning and that the statutory signals were given, appellee should be held, as a matter of law, to have seen the approaching train. It cannot be said, however, that the evidence in favor of appellant on this point is uncontradicted. According to the evidence for appellee, the statutory signals for the crossing were not given. The witnesses for appellee testified that they were listening for such signals as the automobile approached the crossing, and that none were given. They testified that they would have heard the bell ringing or the whistle blowing if such had been the case. They also testified that they were looking in the direction from which the train approached, and that there was no light in the headlight of the engine. They testified that the train approached silently, and that they did not see it until the engine struck the automobile of appellee. This was tes-

timony of a substantive nature, and this court has uniformly held that where the trial court has overruled a motion for a new trial based upon the legal insufficiency of the evidence and there is any substantial evidence to support the verdict of the jury, it will not be disturbed upon appeal. The duty rests upon the trial court to grant a new trial if it is of the opinion that the verdict is contrary to the weight of the evidence. This court has no such power. *St. L. S. W. Ry. Co.* v. *Ellenwood*, 123 Ark. 428, 185 S. W. 768.

This case was brought under what is commonly called our look-out statute, and the instructions given by the court were predicated upon our decisions construing that statute. We do not mean to say that we approved the instructions as to form; but in substance they conform to the rules of law laid down in the following cases: *Ft. Smith & Western Ry. Co.* v. *Messek*, 96 Ark. 243, 131 S. W. 686; *Louisiana & Arkansas Ry. Co.* v. *Woodson*, 127 Ark. 323, 192 S. W. 174; *Mo. Pac. Rd. Co.* v. *Mitchell*, 170 Ark. 689, 280 S. W. 627; *Dickerson* v. *St. Louis-San Francisco Ry. Co.*, 177 Ark. 136, 5 S. W. (2d) 943.

The rule laid down in *Jemell* v. *St. Louis S. W. Ry. Co.*, 178 Ark. 578, 11 S. W. (2d) 449, to the effect that a driver of an automobile is guilty of negligence as a matter of law in driving upon a public crossing without looking when he could have seen an approaching train if he had looked for it, is not applicable under the evidence adduced by the appellee in the present case. The accident there occurred in the daytime; and, according to the testimony of the plaintiff himself, he could have seen the approaching train if he had looked. In the case at bar, the witness for appellee testified that they did look for an approaching train, and neither saw nor heard one. The accident occurred in the night, and they testified that the headlight of the engine was not burning, and there were no lights in the coaches of the train which would indicate that a train was approaching the crossing.

It is next contended that the court erred in allowing the husband of appellee to testify in her behalf as to the facts relative to the accident. He was permitted to testify that the headlight on the automobile was burning, and that the headlight on the engine was not burning at the time of the accident. He also testified that there were no lights in the coaches, and that the statutory warnings for the crossing were not given. The husband was driving the car at the time the accident occurred, and his testimony was admitted on the theory of his agency in the transaction. According to the third subdivision of § 4146 of the Digest, husband and wife may not testify for or against each other, except that either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent. This court has frequently said that the design of the statute was to enable the husband or wife who had transacted business with some third party, through the other as agent, to prove such business by the agent who transacted it, the principal not having first knowledge thereof. *Taylor* v. *McClintock*, 87 Ark. 243, 112 S. W. 405; *Miles* v. *St. L. I. M. & So. Ry. Co.*, 90 Ark. 485, 119 S. W. 837, and cases cited; and *Miller* v. *Hammock*, 97 Ark. 11, 132 S. W. 1000.

In *Mississippi River, Hamburg & Western Ry. Co.* v. *Ford*, 71 Ark. 192, 71 S. W. 947, in applying the rule, the court held that the fact that a husband had authority to treat with a railroad company as to the terms upon which the right-of-way might be secured through his wife's land, did not qualify him, after a failure to agree upon such terms, to testify as her agent as to the damages she sustained by reason of the construction of the railway through her land.

Again, in *St. L. I. M. & Sou. Ry. Co.* v. *Courtney*, 77 Ark. 431, 92 S. W. 251, the court said that the statute under consideration is violated by permitting the husband to testify as to the value of the wife's stock in a suit by her against a railroad company for stock killed by the

train. The court said that the testimony of the husband in such a case was not testimony in reference to any business transaction done by him as her agent, and was not therefore competent testimony.

The result of the holding in all these cases and other decisions of this court is that the husband is only allowed to testify for the wife in regard to business transactions by him with third persons for her in the capacity of agent. To illustrate, in the present case, the husband was driving the automobile of his wife, and his testimony as to the manner in which the accident occurred did not involve any transaction by him with the railroad company in which he acted as agent for his wife. On the other hand, if, after the accident had happened, his wife had authorized him to settle the damages sustained by her, he might have testified as to any agreement which he had reached with the proper agents of the railroad company, since this would have been the transaction of business by him with the railroad company in the capacity of agent for his wife.

This is not a case where part of the testimony might have been admitted and part of it was not competent. In such cases, the objection must relate solely to the testimony which was incompetent. Here a proper objection was made to the competency of the witness. The testimony was all relevant to the matter under consideration, and all would have been competent testimony if it had been given by a competent witness. The court erred, however, in holding that the husband was a competent witness for his wife under the provisions of the statute above referred to. *Mosley* v. *Mohawk Lbr. Co.*, 122 Ark. 227, 183 S. W. 187.

It is next insisted that the court erred in giving instruction No. 7, which reads as follows:

"If you find for the plaintiff you will fix the amount of her recovery at whatever sum you find from the testimony will fairly and reasonably compensate her for damages to her automobile, if any, and suffering endured by

her, if any, all of which must appear from the proof in the case.''

It is contended that the instruction is too indefinite and uncertain to furnish a correct guide to the jury as to the measure of damages to appellee for injury to her automobile. In this connection, we also think counsel is correct. The instruction is inherently wrong in that it fails to furnish to the jury any certain guide in fixing appellee's compensation for the automobile except what it might believe from the evidence would be fair and reasonable. The jury would thus be left to their own individual ideas as to how much was a reasonable compensation. The measure of damages was the difference between the market value of the property immediately before the injury, and its market value immediately after the injury. *Southern Ry. in Kentucky* v. *Kentucky Grocery Co.,* 166 Ky. 94, 178 S. W. 1162; *General Fire Extinguisher Co.* v. *Beal-Doyle Dry Goods Co.,* 110 Ark. 49, 160 S. W. 889, Ann. Cas. 1915D, 791.

For the errors in giving instruction No. 7 and in allowing the husband of appellee to testify, as indicated in the opinion, the judgment must be reversed, and the cause will be remanded for a new trial.

Justices SMITH and HUMPHREYS concur.