It follows that the judgment will be affirmed.

---

## St. Louis-San Francisco Railway Company *v.* Kirkpatrick.

### Opinion delivered November 20, 1922.

1. RAILROADS—CONTRIBUTORY NEGLIGENCE OF PERSON INJURED BY TRAIN.—Where a drayman, on noticing an engine backing towards the car which he was loading, jumped off his dray and ran to a place of safety to flag the engineer, and, when his signal was not obeyed, attempted to rescue his team and was injured, the question whether he was guilty of contributory negligence in rushing back into a place of danger was for the jury.

2. NEGLIGENCE—COMPARATIVE NEGLIGENCE.—Instructions allowing recovery against a railroad company for personal injuries caused by the running of a train, notwithstanding the injured party's contributory negligence, unless his negligence was greater than the trainmen's negligence, was erroneous, as, under Crawford & Moses' Dig., § 8575, his contributory negligence defeats recovery unless it is less than that of the negligent trainman, in which case the amount of recovery is to be "diminished in proportion to such contributory negligence."

3. APPEAL AND ERROR—GENERAL OBJECTION TO INSTRUCTION.—Where instructions are inherently wrong, a general objection is sufficient to raise the question of their correctness.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy,* Judge; reversed.

*W. F. Evans* and *W. J. Orr,* for appellant; *Gladish, Taylor & Rhodes,* of counsel.

1. If the plaintiff's conduct in leaving a place of safety and rushing back into the place of danger was the sole cause of his injuries, the defendant's negligence could not have been the cause; and, such being the case, plaintiff was not entitled to recover. 240 U. S. 406; 241 U. S. 333.

2. If plaintiff's contributory negligence was a question for the jury, that question was not submitted under proper instructions. The instructions on that subject were inherently erroneous. Acts 1919, p. 143; 235 S. W. 407; 109 Ark. 10.

*J. T. Coston,* for appellee.

1. If plaintiff was guilty of any negligence at all, it was so slight in comparison with the negligence of the railroad that reasonable minds could differ about it; the question of comparative negligence ought not, therefore, to have been submitted to the jury. 240 U. S. 448. Here it is admitted that the defendant was guilty of negligence in failing to keep a lookout on the rear of the train. Had it been kept, the collision and resultant injury could and would have been prevented. *Davis v. Scott,* 151 Ark. 34, is squarely against appellant's contention.

2. The difference between equal and greater negligence is so inconsequential that the use of the word "greater" instead of the words "equal to" in the instructions should have been met a specific objection, and was not reached by a general objection. 38 Ark. 539; 142 S. W. 535; 109 Atl. 844; 222 S. W. 727; 112 S. W. 887; 194 S. W. 713; 148 S. W. 649; 141 S. W. 761; 235 S. W. 388-389; 176 S. W. 72; 178 S. W. 21-22; 170 S. W. 811; 103 S. W. 876-877.

When an instruction involves more than one legal proposition, a specific objection is necessary to point out a defect in only one of them. 160 S. W. 863-864; 70 Pac. 684; 85 N. W. 201; 32 App. D. C. 90; 95 Pa. 1003-4; 59 S. E. 112; 49 Iowa 236-237; 68 N. W. 71.

Smith, J.   Appellee recovered judgment for damages to compensate an injury sustained by himself personally, and also an injury to his team of mules.   The cause of action arose as follows: Three box-cars were "spotted" on appellant railway company's sidetrack in the city of Osceola for the purpose of receiving freight, and appellee, who is a drayman, was loading a heavy piece of machinery into the middle car.   South of the three box-cars there was a string of twenty-two cars, and between the three cars and the twenty-two cars there was a space of two or three car lengths.   An engine coupled to the south end of the string of twenty-two cars and began to back towards the three cars where appellee was at work.   He heard some one say, "Look out, they are going to back into you," and he jumped down to the ground and ran out into the street about twenty-five feet, and began to flag the engineer and fireman.   A man was sitting in the engine looking towards appellee, and a signal to stop was given by appellee, but when he saw the signal would not be obeyed appellee rushed back to his team and commenced cutting the lines to get his mules out of danger, but before he succeeded the moving train backed into the car that was being loaded. At the time this collision occurred the machine was only partly loaded, and the collision turned the machine over and upset the wagon, damaging it, and injuring  the mules and appellee also.

The railway company concedes its liability for the damage done the wagon and the team, but contends that its admitted negligence was not the proximate cause of the injury to appellee himself.   The basis of this contention is the testimony of appellee, that when he saw the train was about to back into the partially loaded car he ran into the street to signal the train to stop, thereby reaching a place of safety for himself, and when he saw the train would not stop he rushed back to the rescue of the team.   It is the insistence of the railway company that, under the undisputed evidence, the court

should have directed a verdict in its favor so far as the suit for personal injuries is concerned, because the proximate cause of the injury was appellee's act in rushing back into a place of danger after having reached a place of safety.  On the other hand, it is the insistence of appellee that his negligence, if he was negligent at all, was so slight as to be inconsequential, and that the only error committed by the court was that of submitting to the jury the question of his contributory negligence.

We do not agree with either contention, nor did the trial court below.  We do not think it can be said, as a matter of law, that appellee's negligence, if he was negligent, was the proximate cause of the injury.  His attempt to rescue his team was a natural and humane thing to do, and his conclusion to do so was no doubt the result of his hurried and humane impulse.  He did not go upon the track, where injury was certain, and we are unwilling to say, as a matter of law, that he should have known his effort to save the team would be unavailing and would result in injury to himself.  Upon the other hand, we think the testimony recited makes a question for the jury whether appellee was guilty of contributory negligence or not.

The court below evidently entertained the view we have just expressed, and we would therefore affirm the judgment in appellee's favor as being supported by legally sufficient evidence, but for the fact that error was committed in the instructions.  The court gave a number of instructions, to all of which exceptions were saved, and later modified three of them, and exceptions were saved to the giving of the instructions as modified.  Two of the instructions, numbered 1 and 2, as modified are given below, the modifications consisting in the addition of the phrases included in parentheses:

"1.  You are instructed that it was the duty of the defendant to keep some one constantly upon a lookout for persons and property on or near the track, and in a position where he could signal the engineer or fireman,

and a failure to do so, if there was such failure, was negligence; and if such negligence caused or contributed to the injury of the plaintiff, your verdict will be for the plaintiff (if you find that by keeping such lookout the peril of the plaintiff could have been discovered in the exercise of reasonable care in time to have prevented the injury), unless you further find that plaintiff himself was guilty of a greater degree of negligence contributing to his injury than the negligence of the defendant.''

''2.  If you find that the injury would not have occurred (or could have been prevented), if the defendant had kept a constant lookout on the train in a position where he could have signaled the engineer to stop (or slow down) the train; and if you further find that such lookout was not kept, your verdict will be for the plaintiff (if you find that by keeping such lookout the peril of the plaintiff could have been discovered by defendant, in the exercise of reasonable care, in time to have prevented the injury), unless you find that the negligence, if any, of the plaintiff was greater than the negligence of the employees in charge of the train.''

The modification of the third instruction calls for no discussion.

It is conceded the instructions set out above are not correct; but appellee insists the error is one calling for specific objection.  The error is that the instructions permit a recovery notwithstanding appellee's contributory negligence, unless his negligence was greater than the negligence of the employees in charge of the train. This is not a correct application of § 8575, C. & M. Digest, the section of the statute under which the instructions were framed.  This section of the Digest is § 1 of act 156 of the Acts of 1919 (General Acts 1919, p. 143), entitled: ''An act permitting recovery of damages in suits against railroads, caused by the running of trains, notwithstanding contributory negligence, where the negligence of the person killed or injured is of less

degree than the negligence of the railroad causing the damage; recovery to be diminished in proportion to such negligence," and this section 1 reads as follows: "In all suits against railroads, for personal injury or death, caused by the running of trains in this State, contributory negligence shall not prevent a recovery where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; *provided,* that where such contributory negligence is shown on the part of the person injured or killed, the amount of recovery shall be diminished in proportion to such contributory negligence."

This section permits a recovery in suits for damage caused by the running of trains, notwithstanding the contributory negligence of the party injured, where the negligence of the person killed or injured is of a less degree than the negligence of the employees of the railroad causing the injury complained of. If the injured party's negligence is equal to or greater than that of the negligent employees of the railroad, the defense of contributory negligence may still be interposed by the railroad, and is a bar to any recovery. But if the contributory negligence of the party injured is of less degree than the negligence of the employees causing the injury complained of, then the contributory negligence is not a defense, but operates only to reduce the damages recovered, the amount of the recovery to "be diminished in proportion to such contributory negligence." *Davis v. Scott,* 151 Ark. 34.

The instructions quoted do not thus declare the law, for under the instructions the right to recover is not defeated unless appellee's negligence was greater than the negligence of the employees in charge of the train; whereas contributory negligence does defeat a recovery unless the negligence of appellee was less than that of the negligent employees in charge of the train.

Appellee's insistence that a specific objection was necessary to call attention to the error indicated is based upon the argument that a small amount of negligence might tip the scale and turn the balance against one or the other of the parties whose negligence was being considered and weighed. But even so, the instructions do not declare the law as the Legislature has enacted, and, as the instructions are inherently wrong, a general objection was sufficient to raise the question of their correctness.

An exception was also saved to instruction numbered 8, which reads as follows:

"8. If you find that the plaintiff was guilty of contributory negligence, you will, if you find for the plaintiff, diminish the amount of the verdict in proportion to such contributory negligence."

This instruction will not be incorrect when other instructions are given conforming to the views herein expressed. It will not then, as counsel for appellant insist, permit a recovery, even though the contributory negligence of appellee is greater than that of the negligent employees of the railroad, for, when conformed to the views here expressed, the instruction will not permit a recovery unless appellee's contributory negligence is of a less degree than the negligence of the railroad employees, in which event it will be proper, as the instruction directs, to "diminish the amount of the verdict in proportion to such contributory negligence."

For the error indicated the judgment is reversed, and the cause will be remanded for a new trial.