POWELL *v.* JONESBORO, LAKE CITY & EASTERN RAILWAY
COMPANY.

Opinion delivered November 24, 1924.

1. APPEAL AND ERROR—DIRECTION OF VERDICT—REVIEW.—Where a
   verdict was directed against plaintiff, his evidence must be given
   its highest probative value on appeal.

2. NEGLIGENCE.—CONTRIBUTORY NEGLIGENCE—EFFECT.—Under Craw-
   ford & Moses' Dig., § 8575, contributory negligence does not bar
   recovery for personal injury or death caused by the running of
   trains where the negligence of the person injured is of less
   degree than that of the employees of the railroad, but such
   contributory negligence merely diminishes the recovery.

3. NEGLIGENCE—JURY QUESTION.—Evidence *held* to warrant the sub-
   mission to the jury of the question of comparative negligence of
   deceased, who was killed by a train at a crossing.

4. EXECUTORS AND ADMINISTRATORS—RIGHT OF ADMINISTRATOR TO
   SUE.—The fact that the administrator had filed his final settle-
   ment would not defeat his action for negligent killing of intestate,
   where his settlement had not been approved.

Appeal from Craighead Circuit Court, Lake City
District; *George E. Keck,* Judge; reversed.

*O. H. Hurst, J. F. Johnston, Denver L. Dudley* and
*Gautney & Dudley,* for appellant.

*Eugene Sloan,* for appellee.

SMITH, J.  Appellant sued, as administrator of the
estate of C. M. Powell, to recover damages for the killing
of his intestate by one of the trains operated by appel-
lee railroad company.  At the conclusion of all the evi-
dence the court directed a verdict in favor of appellee,
and from the judgment pronounced on this verdict is this
appeal.

Inasmuch as the verdict was directed against appel-
lant, we must give the evidence offered in his behalf
its highest probative value; and, when thus viewed, the
testimony may be summarized as follows:

The railroad tracks ran north and south through
the town of Monette, and a street of the town crosses the
railroad south of the depot.  Powell, the deceased, was
in this street, on the west side of the track, and he

started walking across the track. As he stepped upon the track, he was seen to stop for a short space of time, and was evidently oblivious of the approach of the train, which was coming from the south. No circumstance was offered in evidence which would have excused deceased from looking up and down the track as he started across and for a short time stood near one of the rails. *Stott* v. *St. L. I. M. & S. R. Co.,* 79 Ark. 137; *Tiffin* v. *St. L. I. M. & S. R. Co.,* 78 Ark. 55.

Powell was killed on the morning of November 3, 1920. The weather was not clear, but it was dry and dusty, and the approaching train threw up a cloud of dust. The engineer testified that he was keeping a lookout, and did not see Powell, and did not know that the train had struck him until after it had stopped at the depot, as Powell had come up on the track from the fireman's side, and, by the time Powell had come near enough to the track to be in danger from the train, the engine so limited the engineer's range of vision that he could not see Powell. The fireman did not testify.

Witnesses who saw the collision say that Powell stood still for a short time before being struck, when he was seen to turn as if to leave the track, when the engine struck him, knocking him sixteen or eighteen feet.

Powell lived for two days, and suffered consciously.

The train approached the station rapidly, and the bell was not rung nor was the whistle sounded.

Under the facts stated, Powell was guilty of negligence contributing to his death; but it does not follow necessarily that the right of his administrator to recover damages for his death is defeated on that account. Contributory negligence on the part of the person injured was formerly an absolute defense to suits for damages in cases of this character; but that rule was changed by act 156 of the General Acts of 1919, page 143, which appears as § 8575, C. & M. Digest, and reads as follows: "In all suits against railroads, for personal injury or death, caused by the running of trains in this State, contributory negligence shall not prevent a recov-

ery where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; provided that, where such contributory negligence is shown on the part of the person injured or killed, the amount .of recovery shall be diminished in proportion to such contributory negligence.''

Construing this statute in the case of *St. L. S. F. R. Co.* v. *Kirkpatrick*, 155 Ark. 632, we held that the contributory negligence of the person injured did not defeat a recovery where such negligence was less than that of the operatives of the train inflicting the injury; and it is the opinion of the majority of the court, under the facts herein stated, that it was properly a question for the jury to compare the negligence of Powell with that of the operatives of the train, and that it cannot be said as a matter of law that Powell's negligence was not less than that of the railroad.

Powell should have looked for the train, and, had he done so, he could have seen it; but a proper lookout should have been kept, and, had this been done, Powell would have been seen and the jury might have found that, had the bell been rung or the whistle sounded, he could have stepped aside and have averted his injury, even though the train could not have been stopped in time to avoid striking him.

The majority have concluded therefore that a verdict should not have been directed in favor of the railroad company, but that the jury should have been allowed to consider and to compare the negligence of Powell with that of the railroad, under instructions declaring the law that a recovery could be had if Powell's negligence was found to be less than that of the railroad company, in which event the recovery should be diminished in proportion to such contributory negligence. *St. L. S. F. R. Co.* v. *Kirkpatrick, supra; Davis* v. *Scott*, 151 Ark. 34.

It is insisted that the administrator had no right to maintain this suit, for the reason that he had filed a final settlement at the time of the institution of the suit.

This suit being only for the benefit of the estate, an administrator only could sue for the damages recoverable on that account. But the fact that the administrator had filed his final settlement would not operate to defeat the suit and as divesting the administrator of his capacity to sue, unless this settlement had been approved and the administrator discharged, as the probate court might well have continued the administration for the purpose of distributing any recovery by the administrator.

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.