Arkansas General Utilities Company *v.* Culbreath.

Opinion delivered May 21, 1928.

362

*Wooldridge & Woolridge* and *Danaher & Danaher,* for appellant.

*D. A. Bradham, Frank Pace* and *Tom W. Campbell,* for appellee.

KIRBY, J., (after stating the facts). It is first urgently insisted that the court erred in giving appellee's requested instruction No. 1, which, it is claimed, entirely ignores the alleged defense of contributory negligence, and concludes by telling the jury the verdict should be for the plaintiff. The appellant objected to the giving of the instruction, and requested the court to modify it,

which it refused to do, by adding, "unless you further find from the evidence that the plaintiff himself was guilty of contributory negligence which caused or contributed to the injury of which he complains."

It is true this court has held an instruction should be complete in itself when it undertakes to tell the jury when the verdict should be rendered for the plaintiff, and that the trial court should not instruct the jury that it must find for the plaintiff or defendant, as the case may be, upon a partial or incomplete statement of the law applicable to the material facts of the case, and that an instruction is inherently erroneous and therefore prejudicial which leaves out of consideration the plaintiff's contributory negligence or assumption of risk, or leaves to the jury the determination of the defendant's conduct as the sole issue for the jury's verdict, concluding with the phrase, "You will find for the plaintiff, or your verdict should be for the plaintiff," because, under the evidence, the conduct of the plaintiff as well as that of the defendant is essential to a proper verdict. *Temple Cotton Oil Co. v. Skinner*, 176 Ark. 17, 2 S. W. (2d) 676.

There is no question but that appellant did object to the giving of this instruction and ask the modification thereof, already set out, and that, if the objection was well taken, it would have constituted reversible error, but we do not find the instruction open to the objection urged, since it expressly told the jury it must find "and that plaintiff at the time was in the exercise of ordinary care for his own safety," etc., before they could render a verdict for him. If the appellee was in the exercise of ordinary care for his own safety at the time the injury occurred, he could not, of course, have been guilty of contributory negligence, which only means the failure to exercise such care in the circumstances of the case.

Neither do we find that the court erred in modifying the second instruction requested by appellant by striking out the word "sole" in the connection, "and that such negligence of the defendant was the sole cause of plain-

tiff's injuries." The instruction as given told the jury that the basis or ground of plaintiff's suit was negligence, which could not be presumed from the fact that plaintiff fell into the hole dug by the defendant on Railroad Avenue, and was thereby injured, "but such alleged negligence on the part of the defendant must be shown by a preponderance of the evidence, and that such negligence of the defendant was the cause of plaintiff's injuries." The law does not require that the negligence complained of shall be the sole cause of the injury to entitle a recovery therefor by the injured party.

In *Bennett* v. *Bell*, 176 Ark. 690, 3 S. W. (2d) 996, the court said: "It is well settled that negligence, in order to render a person liable, need not be the sole cause of the injury, and that one is liable if his negligence concurred with an inanimate cause producing it. The negligent act or omission must be the cause which produces the injury, but it need not be the sole cause, nor the last or nearest one." See also *Helena Gas Co.* v. *Rogers,* 104 Ark. 59, 147 S. W. 473; *Cahill* v. *Bradford,* 172 Ark. 69, 287 S. W. 595; *Coleman* v. *Gulf Refining Co.,* 172 Ark. 428, 289 S. W. 2.

No error was committed in the refusal to give appellant's requested instruction No. 9, telling the jury that, after it had dug the hole, it was only bound to the exercise of ordinary care to keep it covered and guarded for the protection and safety of those who might be traveling along the said walk or highway, and that if the jury found, in the maintenance of said hole, it exercised such care, it could not be held liable for the plaintiff's injury, since this utterly disregarded any negligence of said company in the digging of the hole in the path or walkway across the traveled street. Then, too, the court told the jury, in appellant's requested instruction No. 1, and appellee's instructions 3, 10 and 11, that the appellant was only bound to the exercise of ordinary care in the construction and maintenance of its line and the making

of holes for the placing of new poles, and the protection of the public against danger of injury therefrom.

The objection to the modification of instruction No. 10 by striking out the word "guarded" in the connection, "maintained a reasonable inspection of said hole to see that it was properly covered or guarded," and inserting the words "or otherwise properly safeguarded," could not have been prejudicial in any event, since it appears to have been more favorable to the position of the defendant as given than in the form in which it was presented, the jury being allowed to find that its duty was discharged if the hole was covered, guarded, well lighted, or inclosed. It is not susceptible to the construction urged by appellant, that the jury would have understood from the words of the amendment that appellant was bound to make the place safe for the users of the highway.

The court having properly instructed the jury relative to the measure of damages in its instruction No. 3, no error was committed in refusing to give appellant's requested instruction No. 12, which limited the recovery of appellee to "such an amount as you believe from the testimony will compensate him for the actual injury, if any, sustained by him, as a result of falling into the hole," etc. The instruction given, after properly telling the jury what elements should be considered in awarding damages, expressly told them that if they should find, after careful consideration of the evidence, appellee was entitled to damages, "you should award him such an amount of damages as will fully compensate him for the injury sustained by him, if any," etc.

Neither do we think the amount of damages excessive. Appellee was an able-bodied man, 51 years of age, in good health, and earning about $1,500 a year at the time of the injury, which the jury might have found totally incapacitated him from doing manual labor, and

he had suffered much pain from the injury, which physicians thought would continue to be painful indefinitely.

We find no prejudicial error in the record, and the judgment is affirmed.