DIERKS LUMBER & COAL COMPANY v. TOLLETT.

Opinion delivered October 29, 1928.

*Collins & Collins* and *Lake, Lake & Carlton,* for appellant.

*Feazel & Steel,* for appellee.

McHANEY, J. Appellee sued appellant to recover damages for personal injuries received by him by reason of the alleged negligence of a fellow-servant in cutting a tree, which, it is alleged, fell on appellee and injured him. Appellant defended on the ground that it had been guilty of no negligence; that appellant was not injured at the time and in the manner alleged; that he was guilty of contributory negligence; and that he assumed the risk. The trial resulted in a verdict and judgment against appellant for $5,500.

It is conceded that there is sufficient dispute in the testimony to take the case to the jury, and it will therefore not be necessary to set out the facts, the errors relied on being errors of law and not of fact.

1. The first error relied upon is covered in the fourth assignment, relating to the action of the court in permitting the witness Anderson Tackett to testify

that he sent the slip furnished appellee by appellant's examining physician, showing appellee's condition to be good or average, to Mr. Hulse, who had charge of its employment department. Tackett was a witness for appellant, and had testified that, when appellee applied for employment to him, he being assistant woods foreman, with authority to employ labor, he gave him a slip and sent him to appellant's examining physician to be examined to determine his physical condition. He was so examined, returned the slip to the witness, who testified that he turned it over to Mr. Hulse, the foreman in charge of the employment department. It is said that this testimony was prejudicial because it was an effort on the part of appellee to make it appear to the jury that appellant had the slips referred to in its possession, and was concealing them and refusing to produce them. We do not think this was the necessary effect, or that appellant was prejudiced thereby. The object of this testimony was to show appellee's physical condition at the time he was employed by appellant. The production of these slips would, no doubt, have shown the physical condition of appellee at that time, as appellant's own physician had made the examination. We therefore overrule this assignment of error.

2. The next error urged is covered by the fifth and eighth assignments, relating to the testimony of two witnesses to the effect that the appellee was a hardworking man up to the time of his alleged injury. This was competent testimony, as the matter in dispute was whether he had been injured at all, and his ability to perform labor prior to the alleged injury was competent to show his physical condition prior thereto.

3. The next error urged is covered by the sixth and seventh assignments. Appellee was permitted to testify, on direct examination, over the objections and exceptions of appellant, as follows: "He (Mr. Clawson, woods foreman for appellant) told me that if I did not sue them they would settle with me, and they kept on with me that way until early March, and I wrote them

a letter and stated that if they did not settle within twenty days, I would sue them, and then Mr. Hulse came to see me." He was further permitted to testify, over appellant's objection, that he received information from Mr. Hulse also that it would not be necessary for him to bring suit in this matter. It is said that this constituted error, for the reason that it permitted appellee to prove an offer of compromise, in violation of §§ 1337 and 1338, C. & M. Digest, and also in violation of the rule announced in many decisions of this court. The alleged injury occurred on the 9th day of June, 1925, and this action was not commenced until July 30, 1927. This testimony was elicited by counsel for appellee in response to the following question: "Why is it you waited so long to bring a suit against the Dierks Lumber & Coal Company on account of your injury?" During the course of the examination and argument over the admissibility of this testimony, Mr. Steel, counsel for appellee, stated that it was offered for the purpose of explaining the action of appellee in waiting so long to bring his suit. And it was stated in oral argument, although not in the record, that it was brought out in response to statements of counsel for appellant in the opening statement of the case to the jury. However that may be, the majority of the court have reached the conclusion that it was competent for this purpose, not for the purpose of showing or proving an offer of compromise, but to explain his delay in bringing the action, and that, if counsel for appellant had requested the court to so limit the testimony by instructing the jury to consider it for this purpose only, it would have been the duty of the court to do so. Mr. Justice SMITH and the writer do not agree to this view, as we think it was incompetent for any purpose, unless brought out in response to remarks of counsel in the opening statement, in which event the record should so show. The majority are of the opinion that the statement of counsel disclaiming any purpose in the offered testimony to show a proposition of compromise, but merely to explain

the delay of appellee in bringing the action, amounted to limiting the testimony to that purpose, in the absence of a request of counsel for appellant for the court to so limit it.

4. It is next urged that the court erred in permitting appellee to testify in rebuttal contradictory to the witness Rabb, the foreman who discharged him, that, at the time he was discharged by Rabb, he told appellee that he was physically unable to work. This was offered in rebuttal, and was limited by the court as going to the impeachment of Rabb. It is now said that appellee was not asked the same questions as had been asked the witness Rabb, but the record discloses that counsel did not object to this testimony on that ground in the trial below, but only on the ground that Rabb was not a doctor, and that it had not been shown he had any knowledge of the fact about which he was speaking. We think there was no error in this regard, since the court limited the consideration of this testimony by the jury to the impeachment of Rabb.

5. Objection is also made to the testimony of George Steel as to certain statements made to him by Dr. R. L. Hopkins, contradictory to the testimony of Hopkins, on the ground that the identical questions asked Hopkins were not asked Steel. We have examined the record, and think that there was no error in this regard, as substantially the same questions were asked Dr. Hopkins on cross-examination as were asked Mr. Steel.

It is urged that the court committed reversible error in the giving of certain instructions asked by appellee and the refusal to give certain instructions requested by appellant. We have examined carefully all the instructions given by the court, as well as those refused, and find no error in either the giving or refusal to give said instructions.

We think it would serve no useful purpose to set these instructions out and comment upon them separately. Its objection to instruction No. 1, given at appellee's request, was settled contrary to appellant's contention

in *Arkansas General Utilities Co.* v. *Culbreath*, 177 Ark.
359. Instruction No. 2, given at appellee's request, correctly stated the law under the circumstances in this case.
Appellee's instruction No. 3 is as follows:

"If you find for the plaintiff, you will assess his
damages at such a sum as, in your judgment, will compensate him for the bodily injury sustained, if any, the
physical and mental anguish suffered and endured by
him in the past, if any, or that which you find he will endure in the future, if any, by reason of said injury; for
loss of time, if any; and for pecuniary loss from his
diminished capacity for earning money in the future,
in any; and from these elements, if shown by the evidence, assess his damages as, in your opinion, will compensate him for the injuries received, unless you further
find he was guilty of contributory negligence himself."

It is contended that this instruction is erroneous
in that it failed to limit appellee's right to recover to the
present value of his decreased earning capacity, and
pain and suffering in the future. We do not think the
instruction is open to this objection, for they were
plainly limited in the instruction to the matter of compensating him for the injury sustained, the word "compensate" having been used twice in said instruction.
Moreover, under the undisputed proof in the case, the
jury has not returned a verdict in excess of the present
value of the damages he has sustained by reason of his
decreased earning capacity, without regard to pain and
suffering, and the court's failure to so limit the instruction could not therefore be prejudicial.

There was no error in the refusal of the court to
give appellant's requested instruction No. 2, as the latter
part of it is argumentative and unduly stresses certain
negative testimony in the record, to the effect that appellee's injuries were the result of an accident in early
life, and the first and only correct part of the instruction was covered by other instructions given by the
court.

No error appearing, the judgment is affirmed.