MISSOURI PACIFIC RAILROAD COMPANY *v.* BROWN.

Opinion delivered November 17, 1930.

*Thos. B. Pryor* and *Thos. B. Pryor, Jr.,* for appellant.

*Robert Bailey* and *Marveline Osborne,* for appellee.

McHANEY, J. Appellees sued appellant in three separate actions for damages resulting from a crossing accident in the city of Russellville—the Browns for personal injuries, and the Buerkle Buick Company, for destruction of its Buick two-door sedan. The cases were consolidated for trial by consent which resulted in verdicts and judgments for appellees as follows: For Buerkle Buick Company, $487.50; for George J. Brown, the driver of the car, $675; and for Jim or J. G. Brown, $100.

1. The first assignment of error is that the court erred in giving instruction No. 3 on the measure of damages for the injury to the automobile of the Buerkle Buick Company, as follows: "Gentlemen of the jury, you are instructed that in arriving at the amount due the plaintiff Buerkle Buick Company that you will take into consideration the cost of the car to the plaintiff and the amount that the car is reasonably worth to the plaintiff, and you may find for him in any sum you find the car to be worth, not exceeding the amount sued for." It is said this instruction is too indefinite and uncertain to furnish a correct guide to the jury as to the measure of damages to the automobile, and the case of *K. C. S. Ry. Co.* v. *Biggs,* 181 Ark. 818, 28 S. W. (2d) 68, is cited to sustain the contention. In that case the automobile was not destroyed, but damaged, and the trial court instructed the jury to "fix the amount of her recovery at whatever sum you find from the testimony will fairly and reasonably compensate her for damages to her automobile, if any." This court held in that case that the proper measure of damages was the difference between the market value immediately before the injury and im-

mediately afterwards. Here, however, the car was destroyed. It had no value after the injury except a nominal value for salvage. Buerkle had, the afternoon of its destruction that night, just acquired the car at a cost of $487.50 and testified that it was worth in excess of that sum. We are of the opinion, therefore, that the court did not err in giving the above instruction.

2. It is next urged that the court erred in part in giving instruction No. 1 on its own motion. This is a long instruction covering the three causes of action in respect to the comparative negligence statute. It correctly told the jury that if the driver of the car was guilty of contributory negligence, then Buerkle Buick Company could not recover anything for damages to its car. It then incorrectly told the jury if both the railroad company and the Browns were negligent, "then if the negligence of these two plaintiffs exceeded the negligence of the railroad company, then you would reduce the amount of your verdict, if you were to find they were entitled to recover, reduce it in proportion to the negligence of the plaintiffs as shown by the testimony in comparison with the negligence of the railroad company." Of course that is not a correct statement of the law and refutes itself. But the court, in the same instruction, correctly stated the law with reference to Jim Brown as follows: "So that, if you find him negligent on that act, why you would compare his negligence with that of the railroad company, if you found it negligent. If his negligence was equal to the railroad company or exceeded it, find a verdict against him. If it was of less degree, find a verdict for him and reduce the amount of his recovery in proportion to the negligence of the railroad company and his negligence as compared." Again, immediately following the above quotation the court said: "The same rule applies to George Brown. If you were to find the railroad company negligent, then find George negligent, you would apply the same rule."

This instruction was based on § 8575, C. & M. Digest, commonly referred to as the comparative negligence

statute. It has been many times held by this court under this statute that contributory negligence is not a bar to an action against a railroad company, for a personal injury caused by the running of trains, unless the degree of the plaintiff's negligence, is equal to or exceeds the negligence of the persons operating the trains. *Davis* v. *Scott*, 151 Ark. 34, 235 S. W. 407; *St. L. S. F. Ry. Co.* v. *Kirkpatrick*, 155 Ark. 632, 245 S. W. 35; *Powell* v. *J. L. C. & E. Ry. Co.*, 166 Ark. 252, 266 S. W. 78; *St. L. S. F. Ry. Co.* v. *Horn*, 168 Ark. 191, 269 S. W. 576. No specific objection was made to the erroneous part of the above instruction, and, since the court finally correctly declared the law as applicable to all parties, we do not think the jury could have been misled. If the court's attention had been called to the conflict in the instruction, it would no doubt have corrected it. Moreover, no prejudice resulted therefrom, in view of the verdict in Buerkle's favor. The jury necessarily found that the Browns were not guilty of contributory negligence, else they could not have found a verdict for Buerkle, for the court specifically instructed that the contributory negligence of the driver would bar a recovery for damage to the car.

3. It is finally argued that the verdict is contrary to the evidence, that there is no substantial evidence to support it. We cannot agree. The evidence was in dispute. The testimony for appellees was sufficient to take the case to the jury, and we can see no useful purpose in reviewing it, as it would unduly extend this opinion. Suffice it to say the evidence was sufficient to support a verdict for either party.

Affirmed.