GILL *v.* SCHENEBECK.

4-6687                    160 S. W. 2d 503

Opinion delivered March 23, 1942.

W. P. Beard and *Barber, Henry & Thurman,* for appellant.

J. A. Watkins and *Guy E. Williams,* for appellee.

SMITH, J.  A collision occurred September 23, 1940, between an automobile which appellee was driving and a truck operated by an employee of appellant. As is usual in most cases of this character, each driver excused himself and blamed the other for the collision. It is impossible to reconcile the testimony. Appellee recovered judgment for the sum of $5,445, from which judgment is this appeal.

Under the settled rule of practice, we must, of course, view the testimony in the light most favorable to appellee in determining its sufficiency to support the verdict. In support of the allegations of his complaint appellee offered testimony to the effect that on the afternoon of September 23, 1940, he was driving south on what had formerly been highway No. 70 to the intersection of the present highway No. 70, which runs east and west between Little Rock and Memphis. Near this point of intersection of the new and the old highways there was a stop sign, at which point appellee stopped and looked both to the east and to the west. He saw appellant's truck 300 feet away, traveling west. He thought he had time to cross the road ahead of the truck, and he did so, and stopped his car 15 feet south of the hard surface of highway No. 70, on which road appellant's truck was approaching, and as he stopped his car the truck ran into his car and demolished it and severely injured appellee. If these are the facts—and the jury passed upon the question—there was, not only negligence, but recklessness.

Error is assigned in giving instruction No. 2 over appellant's objection and exception, which reads as follows: ''If you find for the plaintiff in this suit, Schencbeck, you will assess his damages at such a sum as will compensate him for his bodily injuries sustained, if any, the physical pain and mental anguish suffered and endured by him in the past by reason of said injuries, if any, and that he will suffer and endure in the future, if any, from said injuries, his loss of time, if any, his expense of sickness resulting from said injuries, if any, the damage to his automobile by reason of said accident, if any, his pecuniary loss from his diminished capacity for earning money throughout life, if any, and the pecuniary loss

sustained by reason of his inability to attend to his business, due to said injuries, if any, and from these, as proven by the evidence, assess such damages as will compensate him for the injuries received."

The objections to this instruction are that there is no testimony to show any monetary damage to appellee's automobile, and an improper measure of damage was announced on that question, and also that there is no testimony to show any loss of time or earning capacity or that appellee has suffered any diminished monetary damages in the past as a result of the injury complained of.

It was held in the case of *Kansas City Southern Ry. Co.* v. *Biggs,* 181 Ark. 818, 28 S. W. 2d 68, which involved the question of damage to a car struck by a train, that the measure of damages in such case was the difference between the market value of the automobile immediately before and immediately after the collision with the train.

In view of the specific objection, the instruction should have been modified to define the measure of damages; but we do not reverse the judgment on that account for two reasons: First, appellee testified that the car was totally destroyed, and he stated the value of the car before the collision. The second reason is that we are modifying the judgment by substantially reducing the amount thereof.

As to the other objection to the instruction, that is, that the testimony does not show any loss of time or diminished capacity to earn money, it will suffice to say that there is some testimony to this effect, although not enough to support any large recovery on that account.

The judgment in this case, as stated, was for the sum of $5,445, and the verdict upon which this judgment was rendered does not reflect how much of that sum represented the damages to the automobile.

The judgment is grossly excessive and far beyond the amount which the testimony will support. In our opinion, any judgment in excess of $2,500 is unsupported by the testimony, and a judgment for that amount can be

sustained only upon the theory that compensation for appellee's pain and suffering cannot be accurately determined or measured, and we must affirm an award on that account for a sum which does not appear to be arbitrary and unreasonable and, therefore, unsupported by the testimony.

It is very clearly established that appellee is now in a very bad physical condition, and that he is now unable to perform manual labor. But we think it was shown with equal certainty that he was in bad physical condition before the collision. He was 72 years of age at the time of the collision, and admitted that he was suffering then from diabetes, high blood pressure, and arthritis, and he testified that his physicians could do him "no good," and that he ordered medicine from Wisconsin. The collision rendered him unconscious, and he was carried to a hospital, where he was confined for two or three days, after which he was taken home, and for a week remained in bed. He answered, "It was something like that" to the following question propounded by his attorney: "Q. You alleged in your complaint that you paid out $90, $40 to the hospital, $25 to the physicians, and $25 for X-ray, making a total of $90?"

Two physicians who examined appellee some months after his injury testified as to the bad condition in which they found him; but they testified also that this condition had existed before the injury.

Appellee was a large man, and had at one time weighed 250 pounds, but his son testified that his father had been afflicted with diabetes for eight or ten years before the injury, and that his father's weight had been reduced to about 200 pounds at the time of his injury. A physician testified that appellee weighed 188 pounds on January 23, 1941, and on August 28th of that year his weight had been reduced to 166 pounds, and this doctor testified that "The concussion this man received from the blow on his head would produce molecular change in his brain cells."

In addition to the testimony of three physicians, one called by appellee and two by appellant, a fourth ex-

amined appellee under orders from the court, and this fourth doctor testified that appellee had: "Slight pain over sciatic nerve on pressure down whole left extremity. Urine 2% sugar. Arterio-sclerosis mild. Diabetes millitus (7) Arthritis high blood pressure due to and unable to evaluate amount of disability if any, due to injury. However, the above findings are enough to produce inability to work, and the examination of the arteries showed some hardening of the arteries pretty well throughout." He stated this condition had existed for some time, but that he did not know "How long he had been carrying that amount of sugar."

The jury weighs and appraises expert testimony as well as other testimony, and we assume that in so far as there was a conflict in the testimony of the experts the jury believed and credited the testimony most favorable to appellee; but we have discovered no substantial conflict in this testimony. But, even so, when we regard solely that offered in appellee's behalf, we find it insufficient to sustain a verdict for a larger sum than $2,500, with proper allowance for damages to the car, and the judgment will be modified by reducing it to that amount, and, as thus modified, affirmed.

HUMPHREYS and MEHAFFY, JJ., dissent from the modification of judgment.