MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, v. DAWSON.

4-6997                                    168 S. W. 2d 1105

Opinion delivered March 8, 1943.

*John L. Daggett,* for appellant.

*Wils Davis,* for appellee.

SMITH, J. This case presents the unusual circumstance of a railroad company suing the driver of an automobile to compensate the damages resulting from a collision between the automobile and one of plaintiff's passenger trains. The driver of the car filed an answer, in which he denied liability, and prayed damages for the personal injury which he had sustained, and for the value of his car which was wrecked. There was a verdict and judgment for $100 in favor of the defendant, from which judgment is this appeal.

The collision occurred about noon on May 15, 1941, at a surface crossing of highway No. 79 of the railroad tracks. In April, 1941, the appellant railroad company inaugurated service of the "Delta Eagle," a streamlined diesel powered train composed of a combination engine and baggage car and two passenger cars, or three units.

The highway crossed the railroad tracks at a right angle. The weather was clear and dry and the visibility good.

The engineer of the train testified that his schedule speed, approaching this crossing, was 65 miles per hour; but there was testimony that the train was traveling more rapidly. The train was traveling north, and the engineer testified that, when the train was 200 feet south of the crossing, he saw the automobile, which was then about 100 feet from the crossing. He supposed the automobile would stop, but that he gave signals of the approach of the train, both by blowing the whistle and ringing the bell, but that he did not stop his train before the collision, as this was impossible.

Appellee, the driver of the automobile, admitted that he knew he was approaching the railroad track and that he was driving at a speed of ''less than 60 miles per hour.'' He had slackened his speed to show a companion, who was driving with him, the shrubbery around a typical southern home, but, after passing this house, he had picked up speed again. He looked both ways, as he approached the track, but did not see the train and he did not hear the train whistle or give any other warning, and he was within 80 or 90 feet of the track when he first saw the train. He ''slapped on'' his brakes vigorously, and tried to stop, but all four wheels of his car skidded right up to the train, and he ran into the second car of the train. The tracks of his car showed that he had skidded a distance of 82 feet over a concrete road. According to his own testimony appellee could have seen this train, had he looked, when 175 to 200 feet from the crossing. According to other testimony, the train could have been seen at a much greater distance. The train was damaged to the extent of $948.22, and this suit was brought to recover judgment for that amount. The engine of appellee's automobile was knocked out of the car and thrown a distance of 64 feet, and appellee himself sustained serious personal injuries.

The case stated involves the applicability and construction of § 11153, Pope's Digest, which reads as follows: ''In all suits against railroads, for personal

injury or death, caused by the running of trains in this State, contributory negligence shall not prevent a recovery where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; provided, that where such contributory negligence is shown on the part of the person injured or killed, the amount of recovery shall be diminished in proportion to such contributory negligence.''

We think it is obvious, from the facts stated, that this collision was the result of the concurring negligence of appellee and the engineer on the train, that is, if we accept the testimony on appellee's behalf to the effect that the signals which § 11153, Pope's Digest, requires a train to give at highway crossings were not given, and this was, of course, a question of fact for the jury. Many cases have held that it is negligence for the operatives of a train to fail to give the signals required by this statute, and this negligence defeats the right of the railroad company to recover damages to compensate the injury sustained by it, to which its own negligence contributed.

But the contributory negligence of a person killed or injured by the operation of a train is not always a defense in a suit against a railroad company; and is a defense only in any cases where the contributory negligence was equal to or greater than that of the railroad company. If less than the negligence of the railroad company, the amount of recovery is diminished in proportion to such contributory negligence. The statute lays down a rule which does not work both ways. It does not change the law affecting the right of a railroad company to recover damages for an injury, to which its own negligence contributed, but it does permit a person injured by the operation of a train to recover damages for an injury to which his negligence contributed, provided, his negligence is of a less degree than that of the railroad company, in which event, his right of recovery is not denied; but the recovery is reduced in proportion to the contributory negligence.

The verdict reflects the finding that the railroad company was guilty of negligence, contributing to the damages sustained by it, and its right to recover was, therefore, properly denied; but the verdict reflects the finding also, which could not have been otherwise, that appellee was also guilty of negligence contributing to his injury and for that reason his damages were assessed at the sum of $100 only, whereas, his damages were many times larger.

We are of the opinion that, not only was appellee negligent, but are further of the opinion that his negligence was equal to or greater than that of the railroad company, in which event he cannot recover, notwithstanding the fact that the railroad company was also guilty of negligence contributing to the injury.

One of the first cases to construe the statute above quoted was that of *St. Louis-S. F. Ry. Co.* v. *Kirkpatrick*, 155 Ark. 632, 245 S. W. 35. In that case a judgment against a railroad company was reversed because the court had charged the jury that a person injured by the operation of a train was entitled to recover damages, notwithstanding the fact that he was guilty of negligence contributing to his injury "unless you further find that plaintiff himself was guilty of a greater degree of negligence contributing to his injury than the negligence of the defendant (railroad company)."

In holding this instruction erroneous it was there said: "If the injured party's negligence is equal to or greater than that of the negligent employees of the railroad, the defense of contributory negligence may still be interposed by the railroad, and is a bar to any recovery."

In the very recent case of *Missouri Pacific Ry. Co.* v. *Dennis*, ante, p. 28, 166 S. W. 2d 886, we reviewed a number of earlier cases dealing with the degree of care required of one about to cross a railroad track, and it will be unnecessary to repeat here what was stated there, as the law of the subject has been declared in many cases. Here, appellee admitted that he knew that he was approaching a railroad track, yet, with apparent indifference to that fact, he proceeded to drive across the rail-

road tracks at a high speed, whereas, if his car had been under control, as it should have been, ample time would have been afforded him to have stopped his car before running it into the approaching train. His negligence was the proximate cause of his injury and was, therefore, equal to or greater than that of the railroad company, in either of which events his right to recover is denied by the statute above quoted.

The verdict of the jury denied a recovery by the railroad company on the ground, evidently, that the negligence of its train operatives contributed to the collision; and the right of the defendant to recover must also be denied for the reason that his negligence was at least equal to and, we think, was greater than, that of the railroad company. The judgment in his favor will, therefore, be reversed, and, as the cause has been fully developed, the case will be dismissed.