KANE *v.* CARPER-DOVER MERCANTILE COMPANY.

4-7212                                              177 S. W. 2d 4

Opinion delivered January 24, 1944.

---

*J. F. Quillin,* for appellant.

*Minor Pipkin,* for appellee.

McFADDIN, J. This appeal results from a traffic mishap in the city of Mena, Arkansas.

. A car owned and driven by appellant, Mrs. Grace Kane, collided with a truck owned by appellee, Carper-Dover Mercantile Company, and then driven by Elmer Dover, an officer of the appellee corporation. Both vehicles were damaged. Appellee sued Mrs. Kane for (1) $200 for damages to the truck, and (2) $50 for loss of use of the truck while it was being repaired, and (3) $300 for loss of profits that appellee alleged it would have made if the truck had not been out of use awaiting repairs. The third allegation of damages (loss of profits) was stricken from the complaint on the defendant's demurrer; but the court overruled the demurrer as to the second allegation of damages (loss of use).

Mrs. Kane by answer denied all liability, pleaded contributory negligence, and also alleged a defect of parties plaintiff. She also cross-complained for $113 for damages to her car and for $1,000 for her personal injuries. Elmer Dover, the driver of the truck, filed a separate action against Mrs. Kane for his personal injuries; and the Elmer Dover case was consolidated with the present cause in the lower court. A trial to a jury resulted in a verdict for Carper-Dover Mercantile Company against Mrs. Kane for $225, and for Mrs. Kane in the Elmer-Dover personal injury case. Mrs. Kane has appealed from the judgment of $225 against her; and these questions are urged in the brief.: 1. The alleged defect of parties; 2. Plaintiff's instruction, No. 1; 3. Damages for loss of use of the truck during the period of repair. We dispose of these questions in the order named.

## I. Defect of Parties.

In her answer defendant (appellant) claimed that the plaintiff had been fully compensated for all damage by some unnamed insurance company, which carried the property damage on the plaintiff's truck, and that plaintiff had executed a subrogation to said insurance company; and defendant claimed said insurance company was the real party in interest and should be joined as party plaintiff. There was thus raised the issue of defect of parties. When Elmer Dover was testifying for the Carper-Dover Mercantile Company the following occurred (by Mr. Quillin on cross-examination): "Q. Mr. Dover, you have already collected for the damage to your car? A. No, sir. Pipkin: Object. Court: Sustained. To the ruling of the court the defendant at the time objects and excepts and asks that her exceptions be noted of record, which is accordingly done. Quillin: We offer to prove—to attempt to establish the allegation in the complaint that Carper-Dover is not the proper plaintiff for recovery or damage."

We have copied above the only offer of proof in the entire record; and appellant urges that because of this

offer of proof we should reverse and remand the case for a new trial. If there had been a definite offer to prove certain facts by witnesses, then a real question would be presented here; but the above quoted language is far too indefinite and uncertain to constitute an "offer to prove" as that expression is used in the cases and books. In *Crawford County Bank* v. *Baker*, 95 Ark. 438, 130 S. W. 556, the defendant offered to show by witness that notice of cancellation of a homestead entry had never been given to Nancy Butler who was deceased at the time of the trial; and this court, in holding that there was no error on the part of the court in refusing the offer, said: "The offer was not sufficiently specific to make it effective as the basis of an assignment of error." Likewise in *Hugus* v. *Sanders*, 164 Ark. 385, 261 S. W. 899, this court held there was no error in refusing an offer of proof because of the indefinite nature of the offer. In 64 C. J., 127-129, in discussing the essentials of an offer of proof, the general rules are stated as follows: "An offer of proof must be certain, intelligible, and must correctly state the facts sought to be proved. . . . The offer cannot be made in general terms but must be so made as to give the court an opportunity to rule on the specific testimony, complaint of the exclusion of which is made, and must be so specific as to show the error of the court in refusing to admit it. . . . A mere general expression of willingness, duty, or desire to produce testimony is not sufficient." See, also, 26 R. C. L. 1032. Tested by these cases and these general rules, we conclude that the offer of proof, as made by the defendant in this case was too indefinite to constitute an assignment of error to show a defect of parties.

## II.  Plaintiff's Instruction No. 1.

Defendant offered several objections to this instruction when it was given, but in the brief here the appellant offers only one objection and therefore all other objections are waived. *Great Southern Mutual Life Insurance Company* v. *Smith*, 177 Ark. 1194, 291 S. W. 441; *Southwestern Bell Telephone Co.* v. *McAdoo*, 178 Ark. 111, 10

S. W. 2d 503. See, also, West Arkansas Digest, "Appeal and Error," § 1078.

The one objection argued by appellant to the plaintiff's instruction No. 1 is that the instruction ignores the defense of the contributory negligence, and concludes by telling the jury to return verdict for the plaintiff. In other words, appellant invokes the rule announced in *Temple Cotton Oil Co.* v. *Skinner,* 176 Ark. 17, 2 S. W. 2d 676, and adhered to in *McMahon* v. *McNabb,* 186 Ark. 831, 56 S. W. 2d 422; *McEachin* v. *Martin,* 193 Ark. 787, 102 S. W. 2d 864; *Spadra Coal Co.* v. *White,* 188 Ark. 568, 66 S. W. 2d 1072, and many other cases. We are not modifying or weakening in any way the decision on this point as stated in those cases; but the instruction in the case at bar does not violate the rule announced in those cases. The instruction here assailed said in part: "You are instructed that if you find from a preponderance of the evidence that plaintiff's truck being driven by Elmer Dover *while exercising ordinary care for his own safety,* was struck and damaged by the car driven by the defendant . . . and she was negligent, *which negligence was the proximate cause of any damage to the plaintiff's truck resulting from such collision,* then it will be your duty to find for the plaintiff the amount which you may find from a preponderance of the evidence said truck was damaged." We have placed in italics the two expressions that distinguish this instruction from the rule announced in the case of *Temple Cotton Oil Co.* v. *Skinner, supra;* for here the jury was cautioned that the driver must have been exercising ordinary care, and, second, that the negligence of the defendant must have been the proximate cause. With these two exceptions in the instruction, we conclude that the instruction does not violate the rule of *Temple Cotton Oil Co.* v. *Skinner.* The same point, raised by the appellant here, was decided in the case of *Arkansas General Utilities Co.* v. *Culbreath,* 117 Ark. 359, 6 S. W. 2d 296, Mr. Justice KIRBY, speaking for the court, recognized the rule stated in the Temple Cotton Oil Co. but said: "But we do not find the instruction open to the objection urged, since it expressly told the jury it must find 'and that plaintiff at the time was in the exercise of

ordinary care for his own safety,' etc., before they could render a verdict for him. If the appellee was in the exercise of ordinary care for his own safety at the time the injury occurred, he could not, of course, have been guilty of contributory negligence, which only means the failure to exercise such care in the circumstances of the case." See, also, *Dierks Lumber & Coal Co.* v. *Tollett,* 178 Ark. 199, 10 S. W. 2d 5. So the plaintiff's instruction No. 1 is not open to the objection which the appellant urges against it.

### III.   Damages for Loss of Use.

The trial court allowed the jury to consider loss of use of the truck during the period of repair as an element of damages, and appellant assigns as error this action of the court. The case of *Kansas City Ry. Co.* v. *Biggs,* 181 Ark. 818, 28 S. W. 2d 68, involved damages to a motor vehicle, and Chief Justice HART, speaking for the court, said: "The measure of damages was the difference be- -tween the market value of the property immediately before the injury and its market value immediately after the injury. *Southern Ry. in Kentucky* v. *Kentucky Grocery Co.,* 166 Ky. 94, 178 S. W. 1162; *General Fire Extinguisher Co.* v. *Beal-Doyle Dry Goods Co.,* 110 Ark. 49, 160 S. W. 689, Ann. Cas. 1915D, 791." This rule or measure of damages has been consistently followed in cases of damage to motor vehicles: *Missouri Pacific Ry.* v. *Brown,* 182 Ark. 722, 32 S. W. 2d 633; *Sutton* v. *Webb,* 183 Ark. 865, 39 S. W. 2d 314; *Gill* v. *Schenebeck,* 203 Ark. 1053, 160 S. W. 2d 503.

The evidence of damage to the plaintiff's truck in the case at bar is peculiar in that no witness was asked, or testified, concerning the *fair market value of the truck before and after the collision.* Instead, the proof was confined entirely to what the plaintiff paid for labor and parts and repairs; and the admitted total of these items was $187.19. That was the only estimate of damages shown. For all that appears in this record the truck was in as good a condition after the repairs as before the collision, so we must conclude from this record that the damages to the truck amounted to $187.19.

680

To supplement this figure appellee attempted to claim damages for loss of use. The jury verdict was for a total of $225. Since the $187.19 was the property damage, it is clear that the difference between the last mentioned figure and the amount of the verdict was for loss of use, in the amount of $37.81. In some jurisdictions, loss of use of an automobile pending repair is a recognized item of damages. Annotations on this point may be found in 4 A. L. R. 1350, 32 A. L. R. 706, 32 A. L. R. 711, 78 A. L. R. 910, and 78 A. L. R. 917. But regardless of the holding of other courts we have held that loss of use of an automobile pending repair is not an element of damages. In *Madison-Smith Cadillac Company* v. *Wallace*, 181 Ark. 715, 27 S. W. 2d 524, this question was definitely decided; and that case is ruling here. Following the procedure in that case we must reduce the judgment from $225 to $187.19, which last figure was the amount of the property damage as shown by the uncontroverted proof.

So we reduce the judgment from $225 to $187.19 for the reasons herein stated; and as so modified the judgment is affirmed.